UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Ocala Division

NOLAN EDWARDS,
    Petitioner,

v.                              No.: 5:07-CV-00166-Oc-10GRJ

CARLYLE I. HOLDER,
    Respondent.

MEMORANDUM OF LAW IN SUPPORT OF
PETITION FOR WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. § 2241
BY A PERSON IN FEDERAL CUSTODY

COMES NOW, Nolan N. Edwards (hereinafter "Petitioner"), pro se, respectfully files this Memorandum of Law in Support of Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 By a Person in Federal Custody. In support thereof, petitioner states as follows:

I. <u>JURISDICTION, PARTIES AND VENUE</u>

This is a Petition brought under Title 28, United States Code, Section 2241, challenging a sentence imposed in a criminal case following a jury trial before United States Judge Thomas A. Wiseman in the Middle District of Florida. The Judgment Order for this criminal case sentencing the petitioner to a mandatory life sentence was docketed on August 28, 1997. This Court has jurisdiction over the section 2241 petition because the petitioner is incarcerated in the United States Correctional Complex Medium, in Coleman, Florida, which falls within the territorial jurisdiction of the United States District Court for the Middle District of Florida, Tampa Division, for purpose of hearing a

§ 2241 habeas petition, see 28 U.S.C. § 2241.

Petitioner is presently being held in illegal custodial restraint under Executive detention in violation of the Constitution or Laws of the United States.

The District Court has authority to exercise judicial power over a special province of the Executive Branch of the federal government in that the United States Attorney retains broad discretion to enforce the Nation's criminal laws because this Executive Officer is designated by 28 U.S.C. §§ 541, 547 as the President's delegates to help the President to discharge the President's responsibility, under Article II, § 3 of the United States Constitution to take care that the laws be faithfully executed 28 U.S.C. § 501.

This habeas petition raises one straightforward issue (1) The manner in which petitioner's sentence was executed is now rejected jurisprudence pursuant to intervening Supreme Court recent decision in **Lopez v. Gonzales**, 549 U.S.___, 127 S.Ct. 625, 166 L.Ed.2d 462 (2006); **Salinas v. United States**, 126 S.Ct. 1675, 164 L.Ed.2d 364 (2006).

## II. SAVING CLAUSE

In **Wofford v. Scott**, 177 F.3d 1236, 1238 (11th Cir. 1999), the Eleventh Circuit held that a federal prisoner is entitled to bring a habeas corpus petition and to seek an evidentiary hearing under 28 U.S.C. § 2241 when he cannot challenge a constitutional issue affecting his incarceration by means of a motion under 28 U.S.C. § 2255 if "remedy by [such] motion is inadequate or ineffective to test the legality of his detention."

2

See 28 U.S.C. § 2255, ¶ 5 (commonly referred to as the "saving clause").

Courts have struggled to define the precise contours of the circumstances under which a petitioner is entitled to seek § 2241 relief based on saving clause but have developed similar tests. Some courts, including the Eleventh Circuit in **Wofford**, 177 F.3d at 1244-45, have held that relief under § 2241 should be limited to cases in which the petitioner's claim is based on a retroactively applicable Supreme Court decision which overrules Circuit law that was existing at the time the claim should have been otherwise raised. Petitioner Edwards satisfies all of these requirements.

### III. **PROCEDURAL HISTORY OF CASE**

In 1996, petitioner was charged in violation of 21 U.S.C. §§ 846 and 841(a)(1) with conspiracy to possess with intent to distribute cocaine base; and § 841(a)(1) with possession to possess with intent to distribute cocaine base.

Petitioner proceeded to a jury trial on February 10, 1997 and was found guilty on February 19, 1997.

Petitioner was sentenced on August 28, 1997, to mandatory life imprisonment.

On December 23, 1998, petitioner's direct appeal was denied. The United States Supreme Court denied a writ of certiorari on April 26, 1999.

Petitoner filed a motion under 28 U.S.C. § 2255 which was denied on March 18, 2003. Petitioner's request for certificate of appealability was denied. No further filing, pleading or

motions has been filed in the district court.

## IV. NATURE OF WRIT OF HABEAS CORPUS 28 U.S.C. § 2241

The Writ of Habeas Corpus is a procedural device for subjecting Executive, Judicial or Private restraint on liberty to judicial scrutiny. Where it is available under Article 1, § 9, Clause 2 United States Constitution **Exparte Yerger**, 8 Wall 85, 105, 106, 19 L.Ed 332 (1867), it assurures among other things that a prisoner may require his jailer to justify the detention under law. **Payton v. Row**, 391 U.S. 54, 66 (1963).

Government must always be accounted to the judiciary for a man's imprisonment if the imprisonment cannot be shown to conform with the fundamental requirement of law. **Fay v. Noia**, 372 U.S. 391, 401, 402 (1963).

The federal statute authorizing the United States District Court to issue writs of habeas corpus on behalf of prisoners who are in custody in violation of the constitution or laws of the United States 28 U.S.C. 2241(C)(3) does not deny the federal court of power to fashion appropriate relief other than immediate release.

The writ of habeas corpus is not a static, narrow, formalistic remedy, its scope also includes the protection of individuals against errosion of their right to be free from wrongful restraints upon their liberty. **Payton**, at 66.

A prisoner's application for relief under § 2241 should not circumvent the threshold analysis under a successive section 28 U.S.C. §§ 2255, 2244(b)(3)(c) motion.

Petitioner's claim is not cognizable under a successive section 2255 motion to a situation in which the Supreme Court decides the meaning of a criminal statute enacted by Congress

4

**Lopez v. Ganzales**, 549 U.S. ___, 127 S.Ct. 625, 166 L.Ed.2d 462 (2006); **Salinas v. United States**, 126 S.Ct. 1675, 164 L.Ed.2d 364 (2006) The Supreme Court's decisions in **Lopez** and **Salinas** announced only a new statutory interpretation not a new rule of constitutional law and thus was not a basis for a successive § 2255 motion. Section 2255 permits second or successive motion only if the motion contain (1) newly discovered evidence (2) a new rule of constitutional law...made retroactive to cases on collateral review by the Supreme Court that was previously unavailable. Section (2) speaks only to intervening Supreme Court decisions based on constitutional grounds. The provision does not provide any intervening court decision based on substantive reach of a federal statute. See **Reyes-Requena v. United States**, 243 F.3d 893 (5th Cir. 2001); see, also **Medberry v. Croby**, 351 F.3d 1049 (11th Cir. 2003)(Discussing legislative history of post conviction statue 2241). **In Re Davenport**, 147 F.3d 605 (7th Cir. 1998); **Wofford v. Scott**, 177 F.3d 1236 (11th Cir. 1999).

Petitioner has demonstrated the standard that this court has articulated pursuant to the saving clause of § 2241. **Lopez** and **Salinas** statutory interpretations of the Controlled Substance Act are retroactively applicable as the court has instructed in **Schiro v. Summerlin**, 542 U.S. 348 (2004), because the circumstances presented here are that the petitioner faces a punishment of being actual innocent for a non-existent felony drug offense that the law cannot impose upon the petitioner under 21 U.S.C. § 841(b)(1)(A) recidivist provision.

5

The holding in <u>Lopez</u> and <u>Salinas</u> undermined this Circuit Court catagorical approach that this court squarely forclosed such a claim in which this court look no further that the "judgment of conviction" that support and enhanced sentence under Federal Narcotics Law. See **United States v. Majias**, 47 F.3d 401, 404 (11th Cir. 1995); **United States v. Smith**, 96 F.3d 1350 (11th Cir. 1996).

## V. ARGUEMENT AND ANALYSIS

In **Lopez v. Ganzalez**, 549 U.S.___, 127 S.Ct. 625, 166 L.Ed.2d 462 (2006), the United States Supreme Court invalidated a sentencing scheme which has divided the lower courts in figuring out what to do with a conviction for a crime such as simple possession, which is punishable under the Controlled Substance Act as a misdmeanor when it is treated as a felony under the law of the state where the conviction was obtained. The Court held that "any felony punishable under the Controlled Substance Act (CSA) does not include state crimes that are treated as misdemeneanor under the CSA.[1]

In the present case, the United States Attorney gave notice to the court of two prior convictions "charging a criminal offense" under 21 U.S.C. § 851(a), in seeking increased pusnishment pursuant to 21 U.S.C. § 841(b)(1)(A). *U.S v. Olson 716 F.2d 850-51 (11th Cir. 1983)*

---

[1] See **United States v. Estrada**, 2007 U.S. APP.LEXIS 14, No. 05-4627 (2007) citing **Lopez**; **United States v. Mendez-Leya**, 2007 U.S. APP.LEXIS 2395 (2007) (A prior state felony drug conviction in where the same conduct would be only a misdemeneonor under federal law cannot stand on remand from the Supreme Court, per curiam).

6

The two prior criminal offenses charged under § 851 were (1) simple possession of 3.5 grams of cocaine; (2) sale and possession of an undeterminate amount of cocaine in violation of Florida Statute 893.13 (No. CRC 88-2610 CFANO);(No. CRC 93-6751 CFANO).[2]

In **Salinas v. United States**, 126 S.Ct. 1675, 164 L.Ed.2d 364 (2006), the Supreme Court invalidated a simple possession offense from the United States Sentencing Guidelines. Simple Possession does not constitute a controlled substance offense under the guidelines § 4B1.2(a)(b). **Stinson v. United States**, 508 U.S. 36 (1993)(the Guidelines provides direction as to the appropriate type of punishment impose).

The holding in Lopez and Salinas are substantive rules that modifies elements of an offense interpreting provisions of the CSA and extends to 21 U.S.C. § 841(b)(1)(A) recidivist enhancement that requires prior convictions for a "felony drug offense" In which resulted in a significant upward re-calibration of the statutory mandated sentencing range would be improperly triggered when the crime was a felony under state law but would be a misdemeanor under the CSA.

VI. THE ANALYSIS OF SECTION 21 U.S.C. § 841(b)(1)(A) ENHANCEMENT PROVISION IS IMPROPERLY TRIGGERED BY A STATE PRIOR CONVICTION FOR SIMPLE POSSESSION OF NARCOTICS WHEN THE STATE OFFENSE DOES NOT INCLUDE THE ELEMENTS OF A FELONY PUNISHABLE UNDER THE CONTROLLED SUBSTANCE ACT § 841(a)(1)

Title 21 U.S.C. § 841(b)(1)(A) provides in pertinent part, any person who violates sub-section (a) of this section shall

---

[2] See Government's Information and Notice of Prior Conviction. Exhibit (A).

7

be sentenced as follows (1)(A), in the case of violation of subsection (a) of this section involving (iii) 50 grams or more of a mixture or substance described in clause (ii) which contain cocaine base, such person shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life...if any person commits a violation of this subparagraph of this Title after two or more prior convictions for a "felony drug offense" has became final such person shall be sentenced to a mandatory term of life imprisonment without release.

A violation of § 841(a)(1), are to manufacture, distribute or dispense, or possess with intent to manufacture, distribute or dispense a controlled substance.

The Supreme Court in Lopez understand felony punishable under the Control Substance Act or felony as defined by the Act that a state offense whose elements of a felony punishable under the CSA. See **United States v. Aquilar-Ortiz**, 450 F.3d 1271, 1274 (11th Cir. 2006).

The Court in Lopez interpreting an offense element under the CSA demonstrates that a state prior conviction necessarily requires the elements of the underlying statutory substantive offense as in the operative provisions under § 841(D)(2)(e)(1)(2), That requires prior convictions for a felony offense punishable under its statutory provisions.

The term felony drug offense means any offense that is punishable by imprisonment for more than one year under any law of the United States or a State 21 U.S.C. § 802(13), (44). In relating to narcotic drug by the law of a State and a felony

8

drug offense in the context under § 841(b)(1)(A); The relation is not only that a felony drug offense is punishable by imprisonment for more than one year, but it must also prohibit or restricts conduct relating to narcotic drug that consists of the underlying statutory offense elements under § 841(a)(1), or "an offense under State law" that had the offense been prosecuted in a court of the United States would have been punishable under section 21 U.S.C. § 841(b)(1)(A) of the CSA. **Lopez**, 127 S.Ct. at 630, n. 4, 631, n. 7 selecting 18 U.S.C. § 3559 definition as governing and rejecting 21 U.S.C. § 802(13), § 3559(H)(i)(ii)(serious drug offense).

In a different recidivist provision Congress has used the language "serious drug offense" 18 U.S.C. § 924(e), in defining serious drug offense section 924(e) limits such conviction to offenses under State law involving manufacture, distributing or possessing with intent to manufacture, or distribute a controlled substance, 18 U.S.C. § 924(e)(2)(A)(ii). Thus, this definition of serious drug offense excludes state conviction for simple possession. The term serious drug offense as outlined in 18 U.S.C. § 924(e)(2)(A)(ii) was intended by Congress to have the required statutory offense elements under the CSA, and as many of the provision referenced in 21 U.S.C. 843(b) that prohibits the manufacture, import and export of a controlled substance. 21 U.S.C. §§ 952, 953 (prohibiting the import and export of a controlled substance).

Consequently, many of the offenses that can give rise to § 841(a)(1) conviction involve the manufacture, distribution and dispensing of a controlled substance and possession of a

9

controlled substance with intent to distribute. The occurance of an underlying drug felony is a fact necessary for finding a violation of § 841, where such an offense provides the basis for a particular § 841(a)(1) conviction. Thus, a prior conviction for a felony drug offense under 841(b)(1)(A) enhanced sentence, is for an offense that prohibits or restricts conduct relating to narcotics drugs, the manufacture, distribution and dispensing of a controlled substance and for possession of a controlled substance with intent to distribute.

## VII. CONCLUSION

Petitioner is entitled to relief because of a fundamental defect in his sentence as acknowledged by **Lopez** and **Salinas**. Petitioner has been sentenced to life imprisonment based on state prior convictions for non-felonious criminal conduct as misdemeanor under federal law.

"A state offense constitute a felony punishable under the Controlled Substance Act only if it proscribes conduct punishable as a felony under the federal law. **Lopez**, supra.

WHEREFORE, Petitioner prays that this court invalidate the misdemeanor offense as non-felonious drug offense from the petitioner's sentence enhancement and order petitioner immediate release or in the alternative modify petitioner's sentence.

Respectfully submitted,

*Nolan Edwards*
Nolan Edwards, pro se
Reg. No. 92423-071
FCC Coleman Medium
P.O. Box 1032
Coleman, Florida  33521-1032

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of April, that I delivered this Memorandum of Law In Support of Motion Under § 2241 to the Mail Room at FCC Coleman Medium along with the 2241 Petition, postage prepaid, to be mailed to Carlyle I. Holder, Warden, FCC Coleman Medium 846 N.E. 54th Terrace, Coleman, Florida 33521, Charles R. Wilson, Office of the U.S. Attorney, 400 N. Tampa St. Suite 3200, Tampa, Florida 33602 and Clerk of Court U.S. District Court, 801 N. Florida Avenue, Tampa, Florida 33602.

*Nolan Edwards*
Nolan Edwards, pro se
Reg. No. 92423-071
FCC Coleman Medium
P.O. Box 1032
Coleman, Florida  33521-1032

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA :
:
v. : CASE NO. 96-332-Cr-T-25(A)
:
NOLAN NATHANIEL EDWARDS :

GOVERNMENT'S INFORMATION AND
NOTICE OF PRIOR CONVICTION

COMES NOW the United States of America, by and through its representative, the undersigned Assistant United States Attorney, and files this Information and Notice of defendant Nolan Nathaniel Edwards' prior convictions, pursuant to Title 21, United States Code, Section 851(a)(1). The United States alleges that:

1. On or about September 27, 1996, the defendant herein was charged in the instant indictment with violations of Title 21, United States Code, Sections 841(a)(1) and 846.

2. Title 21, United States Code, Section 841 also provides that if any person commits such a violation of Section 841 after two or more prior convictions for a felony drug offense have become final, such a person shall be sentenced to a mandatory term of life imprisonment without release and a fine of not more than $8,000,000, pursuant to Title 21, United States Code, Section 841(b)(1)(A).

3. The defendant, Nolan Nathaniel Edwards, was convicted of the following felony offenses, which are prior convictions

within the meaning of Title 21, United States Code, Section 841, on the dates listed:

    Possession of cocaine, CRC88-2610CFANO, July 13, 1988;

    Sale of cocaine, possession of cocaine, and possession of cocaine with intent to sell, CRC93-6751CFANO, September 29, 1993.

WHEREFORE, the United States respectfully requests that this Court take notice of the above facts.

    Respectfully submitted,

    CHARLES R. WILSON
    United States Attorney

By: *(signature)*
    DONALD L. HANSEN
    Assistant United States Attorney
    USA No. 060
    500 Zack Street, Suite 400
    Tampa, Florida 33602
    Telephone No. 813/274-6351
    Facsimile No. 813/274-6178

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been sent by United States Mail this 27th day of January, 1997, to the following:

> Ms. Rosanne Brady, Esquire
> Post Office Box 173203
> Tampa, Florida 33672-3203

*[signature: Donald L. Hansen]*
DONALD L. HANSEN
**Assistant United States Attorney**